*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORMA NAYLOR,

        Plaintiff-Appellee,

v

MICHIGAN STATE POLICE,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2022

No. 355353
Isabella Circuit Court
LC No. 19-015568-CD

Before: REDFORD, P.J., and SAWYER and MURRAY, JJ.

PER CURIAM.

In this sex discrimination case, defendant, Michigan State Police, appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(10). Defendant's sole argument on appeal is that the trial court erred by ruling that there was a genuine issue of material fact regarding whether an adverse employment action occurred when plaintiff was not chosen for a detective sergeant position. We affirm.

## I. BACKGROUND

Plaintiff became an officer with the Michigan State Police in 1994. In 2012, she was promoted to a uniform sergeant position. Around this time, plaintiff began applying for detective sergeant positions. Over the course of many years, she was never selected to fill these vacant positions; instead, a male officer was always selected. Plaintiff subsequently retired in 2019 because she did not enjoy being a uniform sergeant. She testified at deposition that it had been a "personal preference" to try to obtain a detective sergeant position, explaining that she "wanted to be a detective because that's what I love. I mean when I was trooping and I got to do investigations, that's when I was the happiest. That's when I enjoyed the job the most." There were no financial motivations.

---

[1] *Naylor v Mich State Police*, unpublished order of the Court of Appeals, entered March 29, 2021 (Docket No. 355353).

Plaintiff filed this action under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, alleging that "[d]efendant took adverse employment action against [p]laintiff by failing to hire [p]laintiff as a detective," despite her being "qualified for the position of a detective," and by "select[ing] less qualified and less senior male employees for the positions of detective." Moreover, plaintiff claimed that defendant had "failed to reassign or hire any female employees to the Detective's Bureau." Defendant filed its motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff had failed to objectively show that an adverse employment action occurred. Defendant contended that plaintiff's testimony about why she wanted to become a detective sergeant evidenced mere subjective impressions that could not meet the standards for an adverse employment action.

Plaintiff filed her response and included an affidavit in which she averred that a detective sergeant position was more prestigious than a uniform sergeant position, that there were fewer detective sergeant positions available, that the detective sergeant position involved investigating more serious criminal activity, that in that position she would have been able to interact with high-ranking officials, and that her career advancement would have increased. She also submitted two job specifications from the Michigan Civil Service Commission which detailed the duties for the uniform sergeant position and the detective sergeant position. The trial court denied defendant's motion in a well-written opinion, ruling that plaintiff had "shown that facts exist within the record to find a factual question regarding whether plaintiff suffered an adverse employment action."

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation and the construction and application of court rules." *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A motion is properly granted pursuant to MCR 2.116(C)(10) when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom*, 287 Mich App at 415. We "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 415-416. "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

### B. ADVERSE EMPLOYMENT ACTION

Defendant contends that the trial court erred by denying summary disposition because plaintiff's evidence consisted of mere subjective impressions that did not meet the standards for an adverse employment action.

Under the ELCRA, an employer is forbidden from discriminating based on a number of different statuses. The act provides in relevant part:

(1) An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status. [MCL 37.2202.]

This case involves disparate treatment, *White v Dep't of Transp*, 334 Mich App 98, 107; 964 NW2d 88 (2020), so plaintiff must first make an initial showing of four elements to set forth a prima facie case:

(1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination. [*Id*. at 107-108 (quotation marks and citation omitted).]

We have previously stated that "the elements of the . . . prima facie case should be tailored to fit the factual situation at hand." *Id*. at 108 n 4 (quotation marks and citation omitted). This appeal involves only a single element: whether plaintiff suffered an adverse employment action.

In *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 311; 660 NW2d 351 (2003), the Court set out the general contours of an adverse employment action:

In *Wilcoxon v Minnesota Mining & Mfg Co*, 235 Mich App 347, 364; 597 NW2d 250 (1999), we defined an adverse employment action as an employment decision that is "materially adverse in that it is more than [a] 'mere inconvenience or an alteration of job responsibilities' " and that "there must be some objective basis for demonstrating that the change is adverse because a "'plaintiff's "subjective impressions as to the desirability of one position over another" [are] not controlling.' " *Id*., quoting *Crady v Liberty Nat'l Bank & Trust Co*, 993 F2d 132, 136 (CA 7, 1993), and *Kocsis v Multi-Care Mgt Inc*, 97 F3d 876, 886 (CA 6, 1996), quoting *Kelleher v Flawn*, 761 F2d 1079, 1086 (CA 5, 1985).

"There is no exhaustive list of what constitutes adverse employment actions"; moreover, "what might constitute an adverse employment action in one employment context might not be actionable in another employment context." *Chen v Wayne State Univ*, 284 Mich App 172, 201; 771 NW2d 820 (2009). However, although the determination of whether something constitutes an adverse employment action depends on the employment context and its "unique characteristics," we have stated that, "regardless of the employment context, in order to be actionable, an employment action must be materially adverse to the employee—that is, it must be more than a mere inconvenience or minor alteration of job responsibilities." *Id*. We have described a materially adverse employment action as one that is "akin to termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id*. at 202 (quotation marks and citations omitted). See, also, *Peña*, 255 Mich App at 312. Furthermore, as noted above, "there must be an objective basis for demonstrating that the employment action is adverse because a plaintiff's subjective impressions are not controlling." *Chen*, 284 Mich App at 201-202.

Here, the two positions held the same civil service rank, had the same title of sergeant, and had identical pay, benefits, and retirement access. As plaintiff conceded in her deposition, the move from squad sergeant to detective sergeant was a lateral move. The job descriptions of each position, however, showed vast differences between the two positions: the uniform sergeant position involved management and administration, such as writing reports, establishing schedules, coordinating training, and giving lectures at schools, whereas the detective sergeant position involved investigation and field work, such as performing drug buys and surveillance, executing search warrants, giving court testimony, interviewing witnesses, and arresting suspects. This provided evidence that failure to obtain the detective sergeant position left plaintiff with "a less distinguished title" and with "significantly diminished material responsibilities." *Chen*, 284 Mich App at 202 (quotation marks and citations omitted).

Furthermore, this proffered evidence was objective and not merely subjective. It included not only plaintiff's affidavit, which defendant focuses on, but also the job descriptions from the Michigan Civil Service Commission, which showed that the sought-after position did not involve merely a "minor alteration of job responsibilities." *Id*. at 201. In light of this evidence, we agree with the trial court that reasonable minds could differ as to the conclusions to be drawn. *Dextrom*, 287 Mich App at 415-416.

Defendant argues that plaintiff's affidavit was self-serving and conclusory, and that it contradicted her deposition testimony. The fact that an affidavit is self-serving is unremarkable; it would be surprising if a party's affidavit did not favor that party's case. The affidavit also contradicts plaintiff's deposition testimony. A witness may not contradict her deposition testimony with an affidavit in an effort to defeat summary disposition. *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 56; 951 NW2d 64 (2020). In her deposition, plaintiff was repeatedly given the opportunity to explain why not obtaining the detective sergeant position was detrimental, and at no time did she give as an answer the information provided in the affidavit. Hence, her affidavit—which described the prestige of the detective sergeant position, how it differed from the uniform sergeant position, and how it offered greater employment opportunities—conflicted with her deposition testimony. But, the remaining evidence, and in particular the job descriptions, created a question of material fact as to whether the denial of a lateral transfer to the detective sergeant position was an adverse employment action.

Affirmed.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Christopher M. Murray

-4-